**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| NAQUAYLIA L. RHODES, | ) |
| | ) |
| Plaintiff | ) Case No. 2:24-cv-2147 |
| | ) |
| vs. | ) Judge |
| | ) |
| MICHAEL W. BICKERS, | ) CLASS ACTION COMPLAINT |
| THE HIDEOUT ON 36 INC., | ) |
| PLAY PEN INC. and TOUCH | ) FLSA COLLECTIVE ACTION COMPLAINT |
| OF CLASS INC., | ) |
| | ) |
| Defendants | ) |

***PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF***

Plaintiff Naquaylia L. Rhodes individually and on behalf of all others similarly situated, and on behalf of the members of the proposed Rule 23 class, by and through her attorneys, for her Class and Collective Action Complaint against Defendants Michael W. Bickers, The Hideout on 36 Inc., Play Pen, Inc. and Touch of Class Inc. (hereinafter collectively "Defendants"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This case is about Defendants' unlawful classification of its entertainers as independent contractors, and the unlawful pay practices arising from this scheme, including its failure to pay minimum wages for their hours worked, and taking their entertainers' earned tips in the form of fees and fines, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (The "FLSA"), and Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL").

2. Plaintiff Naquaylia L. Rhodes ("Plaintiff" and "Class Representative"), brings this lawsuit both on behalf of other similarly situated employees under the FLSA, and as a class representative under the IMWL.

3. Plaintiff's consent form to join this action is attached as Exhibit A. As this case proceeds, it is likely that other individuals will also sign consent forms and join this action as opt-in plaintiffs as directed by the FLSA.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331 because this action asserts claims arising under federal law.

5. This Court has supplemental jurisdiction over Plaintiff's Illinois state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant Michael W. Bickers resides in this District, Plaintiff resides in this District and because a substantial part of the events or omissions giving rise to the claims occurred in this District, including Plaintiff's work at The Hideout on 36 Inc., which is located in this District.

## PARTIES

7. Defendant The Hideout on 36 Inc. is a domestic corporation with its principle place of business in Tuscola, Illinois.

8. Defendant Play Pen, Inc. is a domestic corporation with its principle place of business in Terre Haute, Indiana.

9. Touch of Class Inc. d/b/a Club Coyote is a domestic corporation with its principle place of business in Crawfordsville, Indiana.

10. Defendant Michael W. Bickers is the owner/shareholder of The Hideout on 36, Inc., Play Pen Inc. and Touch of Class Inc. and, specifically, is the primary person who had and has operational control over the three businesses. This is particularly true with respect to

decisions which affected Plaintiff's wages and the wages of similarly situated entertainers. Defendant Michael W. Bickers is jointly and severally liable with The Hideout on 36, Inc., Play Pen Inc. and Touch of Class Inc. Wage and hour violations that have harmed Plaintiff and her similarly situated entertainers.

11. Plaintiff Naquaylia L. Rhodes is an adult resident of Danville, Illinois. During relevant times, Plaintiff Rhodes worked as an entertainer for Defendants and qualifies as an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1) and 56 Ill. Adm. Code 210.110.

## FACTS COMMOM TO ALL CLAIMS

12. Plaintiff and her similarly situated entertainers work(ed) for Defendants as exotic dancers, or entertainers, during the statutory period.

13. Defendants operate adult entertainment clubs.

14. Entertainers are integral to Defendants' business operations.

15. Defendants limits its customer base to adults over the age of twenty-one. Some , but not all clubs serve alcohol. The Play Pen Inc. is considered to be a "juice bar."

16. Defendants control their clubs in the entirety, including providing the stages, furniture, lighting, sanitation, music, and other amenities. These items of furniture and decor together form the aesthetic Defendants desire to maintain, promote, and sell at their clubs. This furniture and decor are likely manufactured outside of Illinois and/or pass through interstate commerce prior to its arrival at Defendants' establishments.

17. Defendants' customers pay an admission for entry. In exchange, entertainers entertain customers at Defendants' direction and control. For example, Defendants direct and control entertainers at relevant times by:

    a) Hiring and firing entertainers;

  b) Creating and enforcing "house rules" that dictate almost every aspect of the entertainers' work;

  c) Evaluating entertainers to ensure they meet Defendants' standards before hiring.

  d) Requiring entertainers to report and sign in at the beginning of their shifts;

  e) Requiring entertainers to be on stage and on the floor for a set amount of time.

  f) Setting entertainers' music rotation, and duration of time on stage;

  g) Deciding when entertainers are permitted to leave at the end of the shift;

  h) Reviewing and approving entertainers' apparel, hair, and makeup and prohibiting them from working if "unacceptable;"

  i) Setting the rates for floor and VIP room usage;

  j) Firing, suspending, and fining entertainers for violations of these and other rules.

18. Entertainers work for Defendants as employees in fact. Nevertheless, Defendants misclassify entertainers as "independent contractors."

19. Defendants' unlawful independent contractor scheme simultaneously allows them to: 1) not pay its largest group and most critical employees, the entertainers minimum wages; 2) avoid paying the state and federal payroll taxes it should pay in connection with its employees' compensation; and, 3) generate revenue directly from the pockets of its employees.

20. Indeed, Defendants do not pay entertainers any wages or other compensation for the work it suffers or permits them to perform.

21. Instead, Defendants require that entertainers pay the club as a precondition to

working at that facility. Defendants require entertainers pay nightly "house fees" Defendant sets at its discretion, including portions of customer money paid for certain types of services or activities and payments made to other of Defendants' employees (e.g., security, bartenders, etc...).

22. Because Defendants directly control entertainers, it is aware that entertainers work as employees in fact; yet, Defendants still fail to classify entertainers as employees under federal law.

23. Defendants failure to pay entertainers prescribed wages is willful and recklessness, in part, because Defendants know they treat entertainers as employees in fact and that entertainers who worked under similar circumstances have been found to qualify as "employees" under the FLSA in similar cases across the country.

## CLASS ACTION ALLEGATIONS

24. With respect to the claims under the IMWL, 820 ILCS. § 105/1 *et seq.*, the Class Representative seeks to represent a class that is composed of and defined as follows:

> **All persons who work(ed) as entertainers for The Hideout on 36 Inc. at anytime during the applicable three year statute of limitations herein the "IMWL Class").**

25. This action is brought pursuant to Fed. R. Civ. P. 23 because the Class is so numerous that joinder of all Class Members is impracticable. While the precise number of Class Members has not been determined at this time, Defendants have employed more than one hundred (100) individuals who satisfy the Class definition.

26. The Class Representative and the Class Member from the IMWL have been equally affected by the Defendants' violations of the law.

27. The issues involved in this lawsuit present common questions of law and fact, and these common questions of law and fact predominate over the variations which may exist between members of the Class, if any. These common questions of law and fact include, without limitation:

    a) Whether Defendants unlawfully failed to pay Plaintiff and the IMWL Class minimum wage compensation in violation of the IMWL, 820 ILCS § 105/1et seq. by the misclassifying the entertainers as "independent contractors."

    b) Whether Defendants' conduct was willful; and

    c) The proper measure of damages sustained by the Class Representative and the Class Members.

28. Plaintiff's claims are typical of those of the members of the Rule 23 Class. Plaintiff, like the other membersof the Rule 23 Class, were subkect to Defendants' policies and practices that resulted in a failure to compensate at the applicable minimum wage rates pursuant to Illinois Law.

29. Plaintiff and the Class Members have sustained similar injuries as a result of Defendants' actions and they were all denied pay for time worked, and were also subject to Defendants' unlawful practive of taking their entertainers' earned tips in the form of fees and fines in violation of Illinois law.

30. Plaintiff will fairly and adequately protect the interests of the Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

31. This action is properly maintainable as a class action Fed. R. Civ. P. 23

because questions of law and fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices. There do not appear to be any difficulties in managing this class action.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

33. Like Plaintiff, there are members of this putative Collective who are or were legally employed by Defendants who have also been denied minimum wages and who have experienced Defendants taking their earned tips in the form of fees, mandatory tip sharing and fines.

34. These individuals would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join by filing their written consent.

35. Defendants can readily identify these similarly situated entertainers through their business records.

36. Plaintiff therefore brings Count Two of this Complaint pursuant to the FLSA, 29 U.S.C. § 216(b) as a putative Collective, individually and on behalf of other similarly situated entertainers. Specifically, this putative Collective includes:

> **All persons who work(ed) as entertainers for Defendants at any time within three years of the filing of this Complaint.**

## COUNT ONE

## MINIMUM WAGE VIOLATION
### Violation of the Illinois Minimum Wage Law ("IMWL")
### (Class Action)

37. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

38. The matters set forth in this Court arise from Defendants' violation of the minimum wage provisions of the IMWL. 820 ILCS 105/1 *et seq*. This is particularly true regarding Defendant The Hideout on 36 Inc.

39. Pursuant to 820 ILCS 105/4, for all hours during which Plaintiff worked, Plaintiff and the IMWL class were entitled to be compensated at the applicable Illinois Minimum Wage.

40. Defendants did not compensate Plaintiff and the IMWL Class at the applicable Illinois Minimum Wage for all time worked in individual work weeks.

41. Defendants violated the IMWL by refusing to compensate Plaintiff and the IMWL Class at the applicable Illinois Minimum Wage for all time worked in individual work weeks.

42. Pursuant to 820 ILCS 105/12(a), Plaintiff and the IMWL Class are entitled to recover their unpaid minimum wages, plus mandatory liquidated damages, plus damages in the amount of five percent (5%) per month of the amount of under payments.

WHEREFORE, Plaintiff, the Class Representativee, and the Class Members pray for a judgment against Defendants, as follows:

A. A determination that this action may be maintained as a class action, appointing Plaintiff as Class Representative and her counsel as Class Counsel;

B. Judgment that Defendants violated the minimum wage provisions of the IMWL;

C. Judgment against Defendants for unpaid minimum wages for all hours Plaintiff and the IMWL Class worked;

D.  Prejudgment interest on the back wages in accordance with 815 ILCS § 205/2 abd liquidated and/or punitive damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

E.  An award of costs and reasonable attorneys' fees incurred in prosecuting this claim to the extent allowed by Illinois state law;

F.  Leave to Amend this Complaint to add relevant claims and plaintiffs; and

G.  Such other and further relief as this Court deems appropriate and just.

## COUNT TWO
## MINIMUM WAGE VIOLATION
### Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

43. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

44. The FLSA requires covered employers to pay employees no less that $7.25 for each hour worked in a workweek. 29 U.S.C. § 206.

45. The minimum wage requirement must be satisfied "free and clear" of any deductions or "kickbacks." 29 C.F.R. § 531.35 ("For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be use in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum wages required to be paid him under the Act.")

46. Each Defendant is an "enterprise," as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b),(s)(1).

47. Each Defendant is an "employer" of Plaintiff and the Collective, who are "employees in fact," as defined by the FLSA, 29 U.S.C. § 203(d), (e)(1),(g).

48. For purposes of liability under the FLSA, Defendant Michael W. Bickers is an

"employer," as that term is defined by the FLSA. See 29 USC § 203(d). Additionally, Michael W. Bickers is a "joint employer" as that term is defined by the FLSA. Finally, Michael W. Bickers is a "person" as that term is defined by the FLSA.

49. Defendants failed to pay Plaintiff and the Collective *any* wages, much less free and clear minimum wages.

50. In failing to provide wages at the minimum rate and in taking fees and fines from Plaintiff and the Collective, Defendants violated the FLSA.

51. Defendants did not, and have not, made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the Collective.

52. Defendants knew Plaintiff and the Class worked as employees in fact, and they willfully failed and refused to pay Plaintiff and the Collective the required minimum wages.

53. Defendants' willful failure and refusal to pay Plaintiff and the Collective minimum wages for time worked violates the FLSA. 29 U.S.C. § 206.

54. As a result of these unlawful practices, Plaintiff and the Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid minimum wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself, and all others similarly situated, prays for judgment against Defendants as follows:

A. A finding that Plaintiff and the Collective are similarly situated;

B. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b).

C. Authorization for the prompt issuance of notice to all those similarly situated employees, apprising them of the pendency of this action and providing them of

       the pendency of this action and providing them with the opportunity to assert timely FLSA claims by filing individual consent forms;

D.     Judgment that Plaintiff and the Collective are non-exempt employees entitled to protection under the FLSA.

E.     Judgment against the Defendants, jointly and severally, for violation of the minimum wage provisions of the FLSA;

F.     Judgment that Defendants acted willfully and without good faith in violating the FLSA;

G.     An award to Plaintiff and those similarly situated for the amount of unpaid minimum wages owed free and clear, and liquidated damages;

H.     An award of prejudgment interest to the extent liquidated damages are not awarded;

I.     An award of reasonable attorney's fees and costs;

J.     Leave to add additional plaintiffs by the filing of written consent forms, or any other method approved by the Court; and

K.     For such other relief as the Court may deem just.

 

HASSLER KONDRAS MILLER LLP

By /s/Robert P. Kondras, Jr.
   Robert P. Kondras, Jr.
   Attorney No. 18038-84
   100 Cherry Street
   Terre Haute, Indiana 47807
   (812)232-9691
   kondras@hkmlawfirm.com